```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF TEXAS
                      TEXARKANA DIVISION
```

| | | |
|---|---|---|
| KEVIN P. RUTLEDGE | § | |
| VS. | § | CIVIL ACTION NO. 5:08cv21 |
| H. WESTON | § | |

## MEMORANDUM ORDER REGARDING TRANSFER

Petitioner Kevin P. Rutledge, an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Discussion

On December 13, 2006, in the 118th Judicial District Court of Howard County, Texas, petitioner was convicted and sentenced to a two year term of imprisonment for possession of a controlled substance.

Petitioner brings this petition contesting the validity of a prison disciplinary report which occurred at the Mineral Wells Unit.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus in the district court for the district wherein such person is in custody or in the district court for the district within which he was convicted. Section 2241(d) further provides that the district court in the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner is currently confined at the Neal Unit in Potter County, Texas. Pursuant to 28 U.S.C. § 124, Potter County is located in the Northern District of Texas. Petitioner was convicted and sentenced in Howard County, Texas which is also in the Northern District of Texas. Accordingly, jurisdiction in this court is not proper.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a disciplinary conviction, all records and witnesses involving this action may be located in the Northern District where he is confined. Thus, the transfer of this action to such district would further justice. Therefore, it is the opinion of the undersigned that this petition should be transferred to the United States District Court for the Northern District of Texas, Amarillo Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this   22   day of           April          , 2008.

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE